## INDUSTRIAL COMM v MOTTS

Ohio Appeals, 2nd Dist, Franklin Co

No 2417. Decided May 9, 1934

J. E. Bowman, Asst. Prosecuting Attorney, Columbus, for plaintiff in error.

Owen D. Sherwood, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out seven specifications of error. In the brief, counsel for plaintiff in error discusses these several grounds of error under the classification of:

Claimed error in the admission and rejection of testimony.

Error in the charge of the court.

That the verdict and judgment is against the manifest weight of the evidence.

We will consider these several grounds of error in the order above referred to.

Complaint is made that the court erred in admission of plaintiff's Exhibits A, B, C, and E. An examination of the record at pages 34 to 39, inclusive, discloses that counsel are in error in their conclusion that these exhibits were introduced in evidence. At page 35 it appears that Exhibits A, B, C and D were offered, but their admission was refused, as the court states, on the authority of the **Coutellier case, 126 Oh St, p. 546.** Thereafter, follows a colloquy between the court and counsel, and then certain portions from these exhibits were read to the jury; but without objection from counsel for the state.

Under this state of the record proper exception was not saved.

We find attached to the bill of exceptions Exhibits A, B, C, D, and E, but it does not appear that they were at any time admitted in evidence, nor does the charge of the court indicate that they were given to the jury in their deliberations.

We find no prejudicial error in the admission or rejection of evidence.

On the question of the charge of the court, attention is called to the fact that at the close of the court's charge counsel for the Commission requested that additional instructions be given to the jury that they might consider the fact that plaintiff filed no application for compensation until two months after his discharge, and that he filed an application for an occupational disease and then subsequently for injury, as reflecting on his good faith.

In view of the instruction given to the jury, we are unable to say that there was prejudicial error in the refusal to give this additional instructions as per request. In the light of the entire record the giving or withholding was a matter within the sound discretion of the court. No doubt the court deemed the giving of this request would be over-emphasizing a particular class of testimony. We think the court's general charge covered the situation very thoroughly and well. We find no error in the charge of the court.

On the question that the verdict was against the manifest weight of the evidence, we recognize that the evidence supporting claimant is very meager and that there are many attending circumstances which might cast suspicion as to any alleged injuries.

Claimant says he received the alleged injuries by slipping on the stairs on or about Sunday, February 16th, while he was serving in the capacity of watchman and that at this time no one was working in the plant and as a result no one witnessed the injury.

His explanation as to why he made no report was that he did not at first consider it serious and thought he would come out of it in a very short time. The only corroboration of plaintiff's testimony was as to physical evidence indicating that he had received injuries somewhere of the character complained of.

Two witnesses connected with the plant presented apparently very creditable evidence that the claimant was not working in the capacity of night watchman on the date named. However, their testimony did not cover other Sundays, either before or after this date. Under the entire record we are unable to say that the verdict of the jury is against the manifest weight of the evidence. Finding no prejudicial error, the judgment of the court below will be sus-

tained. Exceptions will be allowed to the plaintiff in error. Entry may be drawn accordingly.

HORNBECK, PJ, concurs.