## WILLS, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2083.    Decided April 28, 1950.

Robert Dow Hamilton, Robert D. Holmes, Columbus, for plaintiff-appellant.

Herbert S. Duffy, Atty. Genl., T. Vincent Martin, Hugh P. Brennan, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J:

This is an appeal from a judgment of the Common Pleas Court in favor of defendant-appellee.

Plaintiff's decedent, Eugene Wills, in his lifetime was in the employ of the National Malleable Iron Works, Dayton, Ohio, a contributor to the Workmen's Compensation Insurance Fund. Eugene Wills died on May 28, 1944 of active miliary tuberculosis. It was the claim of plaintiff that his death was caused by an accidental injury received in the course of his employment which either directly produced the affliction from which he died or lighted up a latent condition in the system which accelerated the trend of the disease and hastened his death.

The claimant produced two witnesses who testified that plaintiff's decedent suffered an injury by being struck in the region of the chest by a sand slinger which caused him to double up, to suffer pain, to cough and expectorate and that he began to fail in health, gradually grew worse and died in a tuberculosis sanitarium. It was testified that he was in good health and did very heavy work prior to the accident.

Emmett Jackson, a witness for the plaintiff, testified to observing the accident when it occurred and fixed the date as June 15, 1943. Another eye witness to the accident testified and fixed the time as on or about June 15, 1943. Two medical witnesses who qualified as experts, testified that there was causal relation between the injury, if it occurred as testified, and the death of plaintiff's decedent. This was contradicted by a doctor who testified for the defendant.

The following form of verdict was submitted to the jury:

"We, the jury, upon the issues joined between the parties, in this case, do find that the death of Eugene Wills was not a result of injury which he received on the 15th day of June, 1943, and that the plaintiff is not entitled to an award to be paid out of the Insurance Fund Provided by the Workmen's Compensation Act of the State of Ohio."

The defense, as a part of its case, offered several witnesses who testified that the sand slinger which it was claimed caused Eugene Wills' injury was not in use on June 15, 1943 and had not been used since the first week of July, 1942. The effect of their testimony was to require the inference that it could not have happened on June 15, 1943.

In view of the form of the verdict submitted to the jury, it was made a prerequisite to its finding for the plaintiff that it determine that Engene Wills suffered an injury on the 15th day of June, 1943. In our judgment, this placed an undue

burden upon the plaintiff and required him to establish, as an essential of his case, a fact which was not controlling. No explanation was made to the jury that the date when the injury occurred was not decisive of the right of the plaintiff to recover. The Commission did not mention the claimed date of the injury of plaintiff's decedent originally or upon the application for rehearing when it found "That proof of record fails to establish that decedent's death was the result of an injury received in the course of and arising out of his employment." This was the test that should have been submitted to the jury uninfluenced by the obligation to fix definitely any date upon which the injury occurred, and the verdict should have found that the plaintiff was, or was not entitled to participate in the State Insurance Fund.

Ordinarily the form of the verdict as signed by this jury would not be prejudicial to a plaintiff. But here, when the defense undertook to meet the claim of plaintiff by the testimony that the accident could not have occurred on the date claimed the jury may have been misled by the form of the verdict to believe that it was essential to her recovery that it appear that the injury occurred on the 15th of June, 1943. As we have said, this is especially true because the time element was not explained to the jury. The trial judge may not be held responsible for this failure because according to the record counsel did not at any time call his attention to the situation.

This injury may have occurred, if at all, in 1942 or 1943. The witnesses testified on and after Feb. 18, 1948, five or six years after the accident, if it occurred. It is common knowledge that witnesses entirely truthful may be mistaken in fixing a definite date of occurrence and yet be correct as to the happening of the event. Here the issue was sharply drawn on the question of date and the plaintiff put the witness, Jackson, on the stand in rebuttal to re-inforce his testimony that the accident occurred on June 15, '43. To accentuate this conflict the jury was presented a verdict wherein the date of the injury was made an essential of its finding.

This Court held in **Industrial Commission v. Motts, 17 Abs 642,** that a verdict for the plaintiff would be affirmed where it appeared that plaintiff had sustained an injury during the course of his employment which injury he claimed had occurred on a certain Sunday while serving as a night watchman. Two very credible witnesses testified that he was not so employed on the date named. We supported the verdict upon the theory that the testimony did not cover other Sundays, before or after the date of the claimed injury, and therefore did not rule out the probability that the plaintiff was injured

580

as claimed, although he may have been mistaken as to the date.

Upon the whole record in view of the fact that there is substantial evidence on behalf of the plaintiff to support a verdict for her, it was in our judgment erroneous and prejudicial to plaintiff to submit the verdict in the form in which it was presented to the jury.

The judgment will be reversed and cause remanded for new trial.

MILLER, PJ, WISEMAN, J, concur.